**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1161-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH W. MUSILLI,

    Defendant-Appellant.

_____

Submitted December 10, 2018 – Decided  February 22, 2019

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 16-06-0536.

Joseph E. Krakora, Public Defender, attorney for appellant (John W. Douard, Assistant Deputy Public Defender, of counsel and on the brief).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the brief).

PER CURIAM

After pleading guilty to possession of controlled dangerous substances (CDS), N.J.S.A. 2C:35-10(a)(1), and being sentenced to two years of probation, defendant appeals the denial of his motion to suppress evidence seized during a consensual search of his car. On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING THE SUPPRESSION MOTION BECAUSE OFFICER MROZ LACKED THE REASONABLE ARTICULABLE SUSPICION REQUIRED TO CONTINUE DETENTION BEYOND WHAT WAS REASONABLY RELATED TO THE JUSTIFICATION OF THE INITIAL STOP AND LACKED REASONABLE ARTICULABLE SUSPICION TO JUSTIFY A CONSENT SEARCH.
>
> A. The Evidence Should Have Been Suppressed Because The Consent-To-Search Obtained From [Defendant] Was The Fruit of His Illegal Detention.
>
> B. The Consent To Search Obtained From [Defendant] Was Not Valid Because Officer Mroz Did Not Have Reasonable, Articulable Suspicion To Initiate A Consent Search.

Having duly considered these arguments, we affirm the suppression ruling substantially based on the well-reasoned analysis of Judge Kevin T. Smith in his fifteen-page written memorandum and order filed on June 13, 2017. We add the following comments.

2

Our review of a trial judge's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). In reviewing a motion to suppress evidence, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014). We, however, do not defer to a trial judge's legal conclusions, which we review de novo. State v. Rockford, 213 N.J. 424, 440 (2013). We review de novo the judge's pure determinations of law, State v. Mann, 203 N.J. 328, 337 (2010) (citation omitted), as well as the application of legal principles to such factual findings. State v. Harris, 181 N.J. 391, 416 (2004) (citation omitted).

In situations involving an investigatory stop of a motor vehicle, if authorities have a reasonable and articulable suspicion that violations of motor vehicle or other laws have been or are being committed, the stop is legitimate. State v. Carty, 170 N.J. 632, 639-40 (2002). Although our State, through the enactment of N.J.S.A. 39:5-25,[1] authorizes both the issuance of a summons and arrest for a motor vehicle violation, such a violation does not authorize a vehicular search incident to all traffic stops absent probable cause of some other

_____

[1] A law enforcement officer is authorized by statute to arrest, without a warrant, a person "violating in his presence any provision of chapter 3" or "chapter 4" of Title 39. N.J.S.A. 39:5-25.

A-1161-17T3

criminal conduct or the occupants posed a safety threat.  State v. Pierce, 136 N.J. 184, 190-93 (1994).

"'The principal components of a determination of reasonable suspicion . . . [are] the events which occurred leading up to the stop . . . , and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to a reasonable suspicion . . . .'" State v. Stovall, 170 N.J. 346, 357 (2002) (alteration in original) (quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)).  Determining whether reasonable and articulable suspicion exists depends upon the totality of the circumstances.  State v. Pineiro, 181 N.J. 13, 22 (2004).  In evaluating the totality of the circumstances surrounding a Terry[2] stop, a reviewing court must balance "the State's interest in effective law enforcement against the individual's right to be protected from unwarranted and/or overbearing police intrusions." State v. Davis, 104 N.J. 490, 504 (1986).

In reviewing the totality of the circumstances, we are also required to "give weight to 'the officer's knowledge and experience' as well as 'rational inferences that could be drawn from the facts objectively and reasonably viewed in light of the officer's expertise.'"  State v. Citarella, 154 N.J. 272, 279 (1998)

---

[2]  Terry v. Ohio, 392 U.S. 1 (1968).

A-1161-17T3

(quoting State v. Arthur, 149 N.J. 1, 10-11 (1997)). "The fact that purely innocent connotations can be ascribed to a person's actions does not mean that an officer cannot base a finding of reasonable suspicion on those actions as long as 'a reasonable person would find the actions are consistent with guilt.'" Id. at 279-80 (quoting Arthur, 149 N.J. at 11).

Applying these principles to the undisputed facts regarding the search of defendant's car by Mantua Township Police Officer Cody Mroz that were stipulated[3] at defendant's motion to suppress, we discern no basis for disturbing the judge's denial of the motion. We need not recite the facts in detail; instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Smith's thoughtful decision.

We are satisfied that the record before us demonstrates that Officer Mroz had reasonable articulable suspicion to request defendant's consent to search his car after he was pulled over to the side of the road due to an inoperable headlight, N.J.S.A. 39:3-66, followed by dubious responses to queries concerning his destination and the officer's observations, experience and training that suggested illegal activity was amiss. The officer's report – admitted into evidence in lieu

---

[3] This included a motor vehicle recording from a patrol car of the stop, inquiry and search.

of his testimony – articulated the following factors that prompted him to seek a consensual search:

> This was due to a number of factors that when considered under the totality of the circumstances raised my suspicion that some sort of criminal activity could possibly be transpiring. These factors were as follows: the driver's shaking hands, nearly pinpoint pupils, small puncture like wounds consistent with track marks on his hand, white chapped lips, overpowering aroma of air fresheners, avoiding eye contact and looking out towards the windshield when speaking, traveling to a Pep Boys that is closed and that is farther then multiple other Pep Boys closer to his residence and where he was coming from, traveling from a detail shop that he seemed unsure of when stating the name of this business and was not sure of the address of this business despite stating he frequently does work at this location, right turn signal of the vehicle still blinking the entire time while speaking to him, previous narcotic[s] arrests.

Considering the clear and undisputed facts of this search and seizure, we conclude the trial judge properly denied defendant's suppression motion.

All other arguments, to the extent we have not already addressed them, lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1161-17T3